UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term
Grand Jury Sworn in on November 3, 2006

| UNITED STATES OF AMERICA | : | CRIMINAL NO.              (GJO) |
|---|---|---|
|  | : |  |
|  | : | GRAND JURY ORIGINAL |
|  | : |  |
| v. | : | VIOLATIONS: |
|  | : |  |
|  | : | 18 U.S.C. §371(Conspiracy); |
|  | : | 18 U.S.C. § 1344 (Bank Fraud); |
|  | : | 18 U.S.C. § 2 (Aiding and Abetting, |
|  | : | Causing an Act to be Done); and |
|  | : | 18 U.S.C. § 982(a)(2)(A) |
|  | : | (Forfeiture Allegation) |
| ROYAL RICHARDSON, | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

## INDICTMENT

The GRAND JURY charges that:

### INTRODUCTORY ALLEGATIONS

At all times relevant to the Indictment:

1. Defendant ROYAL RICHARDSON ("RICHARDSON") worked as security at Nations nightclub in Washington, D.C.

2. The Bank of America, N.A. is a financial institution, whose assets were insured by the Federal Deposit Insurance Corporation ("FDIC"), with branches located in the District of Columbia, Maryland, and elsewhere.

3. C.H. was a teller for the Bank of America's Mount Vernon Square branch located at 625 Massachusetts Avenue NW, Washington, D.C., whose responsibilities included processing

cash withdrawals, depositing checks and cash at the request of bank account-holders, and other ordinary teller duties.

## COUNT I

### The Conspiracy to Defraud

4. Commencing on or about July 2004 and continuing through August 2004, defendant RICHARDSON did knowingly combine, conspire, confederate, and agree together with others known and unknown to commit bank fraud, by devising a scheme and artifice to defraud Bank of America, a financial institution, whose assets were insured by the FDIC, and to obtain its money, funds, credits, assets, or other property owned by, or under the custody or control of Bank of America, in an amount of approximately $24,781, by means of materially false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344.

### Purpose of the Scheme and Artifice

5. It was the purpose of the conspiracy for defendant RICARDSON and others to enrich themselves at Bank of America's expense and to hide and cover up the conspiracy, its objects, and the actions taken in furtherance of it.

### Manner and Means of the Conspiracy

6. It was a part of the conspiracy that C.H. used its employment with Bank of America to provide account information of legitimate account holders of Bank of America to defendant RICHARDSON and other co-conspirators for the purpose of producing fraudulent checks purportedly drawn on those accounts.

7. It was a part of the conspiracy that defendant RICHARDSON and other co-

conspirators used the account information provided by C.H. to produce fraudulent checks purportedly drawn on those accounts.

8.  It was a further part of the conspiracy that defendant RICHARDSON and other co-conspirators entered Bank of America at 625 Massachusetts Avenue NW, Washington, D.C. with the intent to present fraudulent checks to C.H. for negotiation.

9.  It was a further part of the conspiracy that defendant RICHARDSON and other co-conspirators provided fraudulent checks to C.H., who processed the fraudulent checks and in turn, provided cash in the amount of the face value of the fraudulent check to defendant RICHARDSON and other co-conspirators.

## Overt Acts

10.  In furtherance of the conspiracy and to accomplish the objects thereof, commencing in or about July 2004 through August 2004, defendant RICHARDSON, in the District of Columbia and elsewhere, aided and abetted by his co-conspirators known and unknown to the grand jury, did commit the following overt acts, among others:

a.  On or about the dates below, defendant RICHARDSON and other co-conspirators produced and C.H. processed the following fraudulent checks drawn on the Hotel and Restaurant Employees Local 25 AFL-CIO, Bank of America account #xxxxxxxx1564.

| Check | Date Cashed | Amount | Name on Check |
| --- | --- | --- | --- |
| 89515 | 08/17/04 | $982.15 | Jamie Cadwell |
| 89615 | 08/17/04 | $991.40 | Royal Richardson |
| 89402 | 08/17/04 | $974.90 | Royal Richardson |
| 89396 | 08/18/04 | $994.30 | Royal Richardson |

3

| Check | Date Cashed | Amount | Name on Check |
|---|---|---|---|
| 89390 | 08/18/04 | $974.90 | Royal Richardson |
| 89407 | 08/18/04 | $998.50 | Royal Richardson |
| 89417 | 08/18/04 | $991.18 | Jamie Cadwell |
| 89438 | 08/18/04 | $994.80 | Jamie Cadwell |

b. On or about the dates below, defendant RICHARDSON and other co-conspirators produced and C.H. processed the following counterfeit checks drawn on the Saadi and Simmi Inc., C/O Blimpie Noble, Bank of America account #xxxxxxxx9534.

| Check | Date Cashed | Amount | Name on Check |
|---|---|---|---|
| 20013 | 08/25/04 | $996.02 | Royal Richardson |
| 20077 | 08/25/04 | $990.32 | Royal Richardson |
| 20076 | 08/25/04 | $994.40 | Jamie Cadwell |
| 20012 | 08/25/04 | $991.81 | Jamie Cadwell |
| 19098 | 08/26/04 | $990.20 | Royal Richardson |
| 19208 | 08/26/04 | $995.80 | Royal Richardson |
| 19016 | 08/26/04 | $989.14 | Royal Richardson |
| 19198 | 08/26/04 | $992.27 | Royal Richardson |
| 19017 | 08/26/04 | $991.42 | Marcus Washington |

c. On or about the dates below, defendant RICHARDSON and other co-conspirators produced and C.H. processed the following counterfeit checks drawn on The Law Offices of Michael L. Avery, SR. P.C., Bank of America account #xxxxxxxx0422.

| Check | Date Cashed | Amount | Name on Check |
|---|---|---|---|
| 8210 | 08/30/04 | $995.32 | Eric Taylor |

| | | | |
|---|---|---|---|
| 8175 | 08/30/04 | $997.41 | Eric Taylor |
| 8150 | 08/30/04 | $989.68 | Eric Taylor |
| 8248 | 08/30/04 | $993.90 | Eric Taylor |
| 8151 | 08/30/04 | $989.68 | Michael Porter |
| 8247 | 08/30/04 | $996.25 | Michael Porter |
| 8211 | 08/30/04 | $994.08 | Michael Porter |
| 8176 | 08/30/04 | $991.58 | Michael Porter |

**(Conspiracy, Aiding and Abetting, Causing an Act to be Done,
in violation of Title 18, United States Code, Sections 371 and 2)**

## COUNT TWO

11. Paragraphs 1 through 3 and paragraphs 5 through 10 of this Indictment are realleged and incorporated by reference as if set out in full.

12. Commencing on or about July 2004 and continuing through August 2004, defendant RICHARDSON did knowingly execute or attempt to execute, a scheme or artifice to obtain money, funds, credits, assets, or other property owned by, or under the custody or control of a financial institution, Bank of America, by means of false or fraudulent pretenses, representations, or promises.

**(Bank Fraud, Aiding and Abetting, Causing an Act to be Done,
in violation of Title 18, United States Code, Sections 1344 and 2)**

## FORFEITURE ALLEGATION

13. The violations alleged in Count One and Count Two of this Indictment are realleged and incorporated by reference for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Section 982(a)(2)(A).

14. As a result of the violations alleged in Count One and Count Two of this Indictment, the defendant RICHARDSON shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such violations, including, but not limited to:

Money Judgment

> $24,781 which represents a sum of money constituting, or derived from, proceeds obtained, directly or indirectly, as a result of conspiracy as set forth in Count One and bank fraud as set forth in Count Two.

By virtue of the commission of the felony offenses charged in Count One and Count Two of this Indictment, any and all interest that the defendant has in the property constituting, or derived from, proceeds obtained directly or indirectly, as the result of such offense is vested in the United States and hereby forfeited to the United States pursuant to Title 18, United States Code, Section 982(a)(2)(A). If, as a result of any act or omission of the defendant, the property identified above:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property that cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), and incorporating by reference Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of said property listed

above as being subject to forfeiture.

**(Criminal Forfeiture, in violation of Title 18, United States Code, Section 982(a)(2)(A))**

A TRUE BILL

FOREPERSON.

ATTORNEY FOR THE UNITED STATES IN
AND FOR THE DISTRICT OF COLUMBIA